**ALD-131** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4152
_____

PATRICIA WAITERS,
Appellant

v.

DIRECTOR OSCAR AVILES; HUDSON
COUNTY CORRECTIONAL CENTER
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 07-cv-00421)
District Judge: Honorable Peter G. Sheridan
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 3, 2011

Before: SCIRICA, HARDIMAN and VANASKIE, Circuit Judges

(Opinion filed: March 22, 2011)
_____

OPINION
_____

PER CURIAM

Patricia Waiters, proceeding *pro se*, appeals from the District Court's orders

dismissing several of her claims and granting summary judgment in favor of the

1

defendant-appellees as to the remaining claim. For the reasons that follow, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

I

Waiters was employed as a corrections officer at the Hudson County Correctional Center ("HCCC") from August 2000 until July 2005. Waiters' mother, Betty Moore, who is also an employee of HCCC, apparently filed a charge of discrimination with the EEOC in late 2003 or early 2004. Thereafter, Waiters was disciplined on a number of occasions, including three incidents in 2004. In October 2004, Waiters received a notice of disciplinary action for an incident in which she played -- within the view of inmates -- a DVD depicting HCCC corrections officers during training and at their academy graduation. Some of the scenes included material that allegedly embarrassed some of Waiters' colleagues. In January 2005, Waiters received a disciplinary notice for an incident in which she displayed improper behavior towards two fellow officers who intended to testify against her at an administrative hearing related to the DVD incident.[1] She also received a disciplinary notice for failing to properly maintain her log book.

In February 2005, Waiters filed a charge with the EEOC, alleging that the disciplinary actions against her amounted to race discrimination and retaliation for her mother's complaint to the EEOC. On June 30, 2005, the EEOC issued a right-to-sue letter.

---

[1] The notice was amended in April 2005 to include a second similar incident involving one of the fellow officers.

In July 2005, following a disciplinary hearing, Hearing Officer Howard Moore found Waiters guilty on charges of conduct unbecoming a public employee, insubordination, neglect of duty, and other sufficient cause. Moore recommended a 65-day suspension and termination. Waiters appealed, and ALJ Jones upheld Waiters' termination and suspension, although Judge Jones reduced the term of suspension to 30 days. The Merit System Board approved Judge Jones' recommendation in April 2008. Waiters' appeal to the Superior Court, Appellate Division, was dismissed as untimely.

Meanwhile, in September 2005, Waiters filed another complaint with the EEOC, alleging that she was retaliated against for her first EEOC complaint. She alleged that HCCC Director Oscar Aviles convinced Waiters' coworkers to falsify disciplinary reports against her; that Aviles harassed her; that her termination was retaliatory; and that, on one occasion after her termination, she and her mother were harassed when she picked her mother up from work at the HCCC. The EEOC issued a right-to-sue letter on December 11, 2006.

In January 2007, Waiters filed in the District Court a *pro se* complaint, followed by a counseled amended complaint. Waiters' amended complaint alleged retaliation, racial discrimination, discrimination based on ancestry, and a hostile work environment, all in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967 ("ADEA").[2] Waiters also sought relief at common law for the

---

[2] Although the complaint asserted jurisdiction under the ADEA, Waiters did not

3

defendants' allegedly retaliatory conduct. The defendants filed a motion to dismiss, which the District Court granted as to all claims except for the Title VII retaliation claim. The parties proceeded to discovery, after which the District Court granted the defendants' motion for summary judgment on the retaliation claim. Waiters filed a timely appeal.

II

We have jurisdiction pursuant to 28 U.S.C. § 1291. Because Waiters is proceeding *in forma pauperis*, we must dismiss the appeal if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also § 1915(e)(2). We exercise plenary review over the District Court's orders dismissing Waiters' claims under Federal Rule of Civil Procedure 12(b)(6) and granting summary judgment. See Spence v. ESAB Group, Inc., 623 F.3d 212, 216 (3d Cir. 2010); Capogrosso v. Sup. Ct. of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009). As to the order dismissing Waiters' claims, "[t]he District Court's judgment is proper only if, accepting all factual allegations as true and construing the complaint in the light most favorable to [Waiters], we determine that [she] is not entitled to relief under any reasonable reading of the complaint." McGovern v. City of Philadelphia, 554 F.3d 114, 115 (3d Cir. 2009). As to the order granting summary judgment, "we can affirm only 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no

allege in any count of the complaint that the defendants' conduct violated her rights under that statute. The District Court dismissed Waiters' claims to the extent that they arose under the ADEA, and nothing in Waiters' filings in the District Court or on appeal suggest that she challenges that decision.

4

genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" Spence, 623 F.3d at 216 (quoting Fed. R. Civ. P. 56(c)(2)). "A genuine issue of material fact exists if there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Id. "In evaluating the evidence, we must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." Id. (internal quotation marks and citation omitted).

The District Court first noted that, to the extent that Waiters sought to raise claims asserted in her first EEOC complaint -- i.e., race discrimination and retaliation in the form of disciplinary notices -- her federal complaint was time-barred. We agree. A plaintiff must file a charge with the EEOC within 180 days of the allegedly unlawful employment practice, and then must file a complaint in district court within 90 days of receiving a right-to-sue letter. See 42 U.S.C. § 2000e-5(e), (f). When a plaintiff complains of discrete acts, such as termination, wrongful suspension, wrongful discipline, or wrongful accusation, Title VII's 90-day limitations period applies to each wrongful action; failure to raise such claims within the limitations period will result in dismissal of the lawsuit. See O'Connor v. City of Newark, 440 F.3d 125, 127 (3d Cir. 2006). Waiters' first EEOC complaint was timely filed in February 2005, and she was informed of her right to sue in June 2005. Because she complained of discrete acts -- specifically, unwarranted disciplinary action -- the 90-day limitations period applied, and her January 2007 District Court complaint was untimely as to that conduct.

The District Court next considered Counts II and III of Waiters' complaint, which

alleged that she suffered discrimination on the basis of race and ancestry. To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The District Court correctly reasoned that dismissal of Counts II and III was appropriate because Waiters failed to allege any facts correlating the adverse actions against her with any discriminatory motive, as required under Title VII. Waiters' amended complaint included only conclusory allegations, which is insufficient to sustain a cause of action. See id. For the same reason, we agree with the District Court that Count IV of Waiters' complaint failed to state a claim upon which relief could be granted. Waiters alleged a hostile work environment, but failed to allege any facts or circumstances -- beyond her bare assertions -- that the defendants' conduct was motivated by discriminatory animus.

Count V of Waiters' complaint sought relief under common law principles prohibiting retaliation. The District Court dismissed the claim, reasoning that New Jersey's Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. §§ 10:5-1, *et seq.*, which protects against retaliatory discrimination, preempts or precludes supplementary common law actions. Although Waiters' counseled complaint merely cited "common law" as a source of relief, her response to the defendants' motion to dismiss indicates that she may have intended to pursue a retaliation claim under the NJLAD. Even if we were to conclude that the District Court improperly dismissed Count V on that narrow reading

6

of the pleadings, any error was harmless. Claims raised under the NJLAD are analyzed under the same framework applicable to Title VII cases. See Gerety v. Atl. City Hilton Casino Resort, 877 A.2d 1233, 1237-38 (N.J. 2005). As discussed below, because the District Court properly disposed of Waiters' Title VII retaliation claim at the summary judgment stage, a NJLAD retaliation claim stemming from the same conduct would also have been unsuccessful.

Finally, we turn to the District Court's resolution of Count I, which alleged that the defendants retaliated against Waiters, in violation of Title VII, for filing her first EEOC complaint. To prevail on a retaliation claim under Title VII, a plaintiff must show that: "(1) she engaged in activity protected by Title VII; (2) the employer took an adverse employment action against her; and (3) there was a causal connection between her participation in the protected activity and the adverse employment action." Nelson v. Upsala Coll., 51 F.3d 383, 386 (3d Cir. 1995). Waiters alleged that the defendants retaliated against her by: pursuing unwarranted disciplinary hearings against her, terminating her, and harassing her when she picked her mother up at the HCCC. With regard to Waiters' claims concerning her disciplinary hearings, the District Court reasoned that the evidence on record demonstrated that all but one of the disciplinary proceedings against her were initiated late in 2004, at least two months before Waiters filed her first complaint with the EEOC. Thus, in the District Court's view, the disciplinary hearings could not have been initiated as a result of her protected activity, making summary judgment appropriate. We agree.

The District Court also reasoned that summary judgment was appropriate with regard to Waiters' claim that her termination was retaliatory. Again, we agree. The thorough opinions of the hearing officer and Judge Jones explain in exhaustive detail the factual bases supporting the charges against Waiters and, ultimately, their reasons for recommending termination. Waiters offered no evidence indicating that the decision to terminate her was in any way based on a retaliatory motive.

On appeal, Waiters contends that some or all of the evidence presented against her was fabricated after she complained to the EEOC, and back-dated to appear unrelated to her protected conduct. However, beyond her bare assertions, there is no evidence in the record that the conduct of which she complained was supported by false evidence or motivated by any desire to retaliate against her.

Finally, we agree with the District Court that summary judgment was appropriate concerning Waiters' claim that she was harassed when picking up her mother. Aside from the averment in her complaint, Waiters provided no evidence to support her claim.

Accordingly, we will dismiss the appeal.